## SEPTEMBER TERM, 1785.

### SIMON MORGAN *v.* PETER PENNYBAKER.

*Upon a Caveat.*

The plaintiff, on the 19th day of February, 1785, entered the following caveat, to-wit:

"Let no grant issue to Peter Pennybaker and Adam Shepherd, for five hundred acres of land, in Fayette county, surveyed by virtue of a treasury warrant, No. 13,612, on the 12th day of November, 1783, lying on the waters of the west side of Big Slate creek, because the said P. Pennybaker and A. Shepherd have not

returned a plat and certificate of the said survey to the land office, as required by an act of assembly, entitled 'An act for establishing a land office, and for ascertaining the terms and manner of granting waste and unappropriated lands;' for which reason Simon Morgan claims the same as being forfeited under the above recited act."

This caveat being tried at this term, the following opinion and judgment was pronounced by the court:

The defendant's claim is saved to him by the act of the general assembly for giving further time to return plats and certificates to the register's office; therefore, the plaintiff's caveat must be dismissed, with costs, etc.

NOTE.—This caveat must have been founded on the following clause of the act for establishing a land office, etc.:

"Every person for whom any waste or unappropriated lands shall be so located or laid off shall, within twelve months, at farthest, after the survey made, return the plat and certificate of the said survey into the land office, together with the warrant on which the lands were surveyed, and may demand of the register a receipt for the same; and on failing to make such return within twelve months, as aforesaid, or if the breadth of his plat be not one-third of its length, as before directed, it shall be lawful for any other person to enter a caveat in the said land office against the issuing any grant to him; expressing therein for what cause the grant should not issue." Virginia Laws, Chancery Rev. p. 96, and in the collection published with the Acts of Assembly of Kentucky, 1796, p. 90.

At the May session, 1783, further time was given to return plats and certificates to the register's office until the 1st day of June then next ensuing, which was June, 1784. See Virginia Laws, Chancery Rev. p. 206, ch. 39, sec. 2. To be found, also, in the Kentucky Coll. Acts of 1796, p. 102, sec. 47.

And at the May session in the year 1784, an act to revive and amend in part, the said act passed, in which it was stated that the said act had in part expired on the 1st day of June last, and that it was necessary it should be revived, which act gave further time, and provided that the lands should not be liable to forfeiture on account of failure. Virginia Laws, May, 1774, p. 8, ch. 14, sec. 1, 2, 3; Kentucky Coll. Acts, 1796, p. 105, sec. 60-62.

It does not appear at what time Pennybaker's survey was returned, but it was probable it was between the first of June, 1784, and the commencement of the operation of the last mentioned act.